**Fill in this information to identify your case:**

Debtor 1: Kevin S. Foor

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the Western District of Pennsylvania

Case number (If known): 19-70130

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

# Western District of Pennsylvania

## Chapter 13 Plan Dated: March 22, 2019

### Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

In the following notice to creditors, you must check each box that applies.

**To Creditors:** *YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED*

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

*IF YOU OPPOSE THIS PLAN'S TREATMENT OF YOUR CLAIM OR ANY PROVISION OF THIS PLAN, YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST SEVEN (7) DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING, UNLESS OTHERWISE ORDERED BY THE COURT. THE COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION TO CONFIRMATION IS FILED. SEE BANKRUPTCY RULE 3015. IN ADDITION, YOU MAY NEED TO FILE A TIMELY PROOF OF CLAIM IN ORDER TO BE PAID UNDER ANY PLA.*

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of any claim or arrearages set out in Part 3, which may result in a partial payment or no payment to the secured creditor (a separate action will be required to effectuate such limit) | ☐ Included | ☒ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 (a separate action will be required to effectuate such limit) | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 9 | ☐ Included | ☒ Not included |

### Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

Total amount of $ 4,535.28 per month for a remaining plan term of 60 months shall be paid to the trustee from future earnings as follows:

| Payments | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $0.00 | $4,535.28 | $0.00 |
| D#2 | $0.00 | | $0.00 |

(Income attachments must be used by debtors having attachable income) (SSA direct deposit recipients only)

Debtor   Kevin S. Foor                                                                           Case Number   19-70130

**2.2 Additional payments:**

☐ **Unpaid Filing Fees.** The balance of $ _____ Debtor(s) will retain any income tax refunds received during the plan term.

☒ **None.** If "None" is checked, the rest of Section 2.2 need not be completed or reproduced.

☐ The debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment

_____

_____

**2.3 The total amount to be paid into the plan (plan base) shall be computed by the trustee based on the total amount of plan payments plus any additional sources of plan funding described above.**

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

Check one.

☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by the trustee. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, without interest. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Start date (MM/YYYY) |
|---|---|---|---|---|
| Flagstar Bank | 907 Frame Church Road, Everett, Pa. 15537 | $2,492.00 | $0.00 | March 22, 2019 |
| First National Bank | 2015 Camper | $258.00 | $0.00 | March 22, 2019 |
| Marine One | Horse trailer | $306.00 | $0.00 | March 22, 2019 |
| First Commonwealth Bank | 2017 Jeep Cherokee | $394.00 | $0.00 | March 22, 2019 |

Insert additional claims as needed.

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**
Check one.

☒ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The debtor(s) will request, *by filing a separate adversary proceeding*, that the court determine the value of the secured claims listed below.

For each secured claim listed below, the debtor(s) state that the value of the secured claims should be as set out in the column headed Amount of secured claim. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 (provided that an appropriate order of court is obtained through an adversary proceeding).

| Name of creditor | Estimated amount of creditor's total claim (See Para. 8.7 below) | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|---|---|---|
| | $0.00 | | $0.00 | $0.00 | $0.00 | 0% | $0.00 |

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. §506.**
Check one.

☒ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

☐ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle

    acquired for the personal use of the debtor(s), or

    (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

    These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
|  |  | $0.00 | 0% | $0.00 |

Insert additional claims as needed.

### 3.4 Lien avoidance.

Check one.

☒ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced. *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The judicial liens or nonpossessory, nonpurchase-money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). The debtor(s) will request, *by fifing a separate motion*, that the court order the avoidance of a judicial lien or security interest securing a claim listed below to the extent that it impairs such exemptions. The amount of any judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Collateral | Modified principal balance | Interest rate | Monthly payment or pro rata |
|---|---|---|---|---|
|  |  | $0.00 | 0% | $0.00 |

Insert additional claims as needed.

*If the lien will be wholly avoided, insert $0 for Modified principal balance.

### 3.5 Surrender of collateral.

Check one.

☒ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditors claim. The debtor(s) request that upon J confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5.

| Name of creditor | Collateral |
|---|---|
|  |  |

Insert additional claims as needed

### 3.6 Secured tax claims..

| Name of taxing authority | Total amount of claim | Type of tax | Interest rate* | Identifying number(s) if collateral is real estate | Tax periods |
|---|---|---|---|---|---|
|  | $0.00 |  | 0% |  |  |

Insert additional claims as needed.

* The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania, and any other tax claimants shall bear interest at the statutory rate in effect as of the date of confirmation.

## Part 4:    Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

| Debtor | Kevin S. Foor | Case Number | 19-70130 |

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case. The trustee shall compute the trustee's percentage fees and publish the prevailing rates on the court's website for the prior five years. It is incumbent upon the debtor(s)[5] attorney or debtor (if pro se) and the trustee to monitor any change in the percentage fees to insure that the plan is adequately funded.

### 4.3 Attorney's fees

Attorney's fees are payable to James R. Huff, II  In addition to a retainer of $ 2,500.00  (of which $ _ was a payment to reimburse costs advanced and/or a no-look costs deposit) already paid by or on behalf of the debtor, the amount of $ 1,200.00 is to be paid at the rate of $ 100.00 per month. Including any retainer paid, a total of $ _in fees and costs reimbursement has been approved by the court to date, based on a combination of the no-look fee and costs deposit and previously approved application(s) for compensation above the no-look fee. An additional $ _will be sought through a fee application to be filed and approved before any additional amount will be paid through the plan, and this plan contains sufficient funding to pay that additional amount, without diminishing the amounts required to be paid under this plan to holders of allowed unsecured claims.

☐ Check here if a no-look fee in the amount provided for in Local Bankruptcy Rule 9020-7(c) is being requested for services rendered to the D debtor(s) through participation in the bankruptcy court's Loss Mitigation Program (do not include the no-look fee in the total amount of compensation requested, above).

### 4.4 Priority claims not treated elsewhere in Part 4.

Check one.

☒ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

| Name of creditor | Total amount of claim | Interest Rate (0% if blank) | Statute providing priority status |
|---|---|---|---|
|  | $0.00 | 0% |  |

Insert additional claims as needed

### 4.5 Priority Domestic Support Obligations not assigned or owed to a governmental unit.

If the debtor(s) is/are currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders.

☒ Check here if this payment is for prepetition arrearages only.

| Name of creditor (specify the actual payee, e.g. PA SCDU) | Description | Claim | Monthly payment or pro rata |
|---|---|---|---|
|  |  | $0.00 | 0 |

Insert additional claims as needed

### 4.6 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

Check one.

☒ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). This plan provision requires that payments in § 2.1 be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
|  | $0.00 |

Insert additional claims as needed

### 4.7 Priority unsecured tax claims paid in full.

| Name of taxing authority | Total amount of claim | Type of tax | Interest Rate (0% if blank) | Tax periods |
|---|---|---|---|---|
|  | $0.00 |  | 0% |  |

Debtor(s) _____ Case number _____

| Part 5: | Treatment of Nonpriority Unsecured Claims |

**5.1 Nonpriority unsecured claims not separately classified.**

Debtor(s) *ESTIMATE(S)* that a total of $ 46,158.57 will be available for distribution to nonpriority unsecured creditors.

Debtor(s) *ACKNOWLEDGE(S)* that a *MINIMUM* of $ 1.00 shall be paid to nonpriority unsecured creditors to comply with the liquidation alternative test for confirmation set forth in 11 U.S.C. § 1325(a)(4).

The total pool of funds estimated above is *NOT* the *MAXIMUM* amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is 2%. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified elsewhere in this plan are included in this class.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

Check one.

[X] **None.** If "None" is checked, the rest of Section 5.2 need not be completed or reproduced.

[ ] The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed by the trustee. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee.

| Name of creditor | Current installment payment | Amount of arrearage to be paid on the claim | Estimated total payments by trustee | Payment beginning date (MM/YYYY) |
|---|---|---|---|---|
| | $ | $ | $ | |

Insert additional claims as needed.

**5.3 Postpetition utility monthly payments.**

**The provisions of Section 5.3 are available only if the utility provider has agreed to this treatment.** These payments comprise a single monthly combined payment for postpetition utility services, any postpetition delinquencies, and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility obtain a court order authorizing a payment change, the debtor(s) will be required to file an amended plan. These payments may not resolve all of the postpetition claims of the utility. The utility may require additional funds from the debtor(s) after discharge.

| Name of creditor | Monthly payment | Postpetition account number |
|---|---|---|
| | $ | |

Insert additional claims as needed.

**5.4 Other separately classified nonpriority unsecured claims.**

Check one.

[X] **None.** If "None" is checked, the rest of Section 5.4 need not be completed or reproduced.

[ ] The allowed nonpriority unsecured claims listed below are separately classified and will be treated as follows:

| Name of creditor | Basis for separate classification and treatment | Amount of arrearage to be paid | Interest rate | Estimated total payments by trustee |
|---|---|---|---|---|
|  |  | $ | % | $ |

Insert additional claims as needed.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

[X] **None.** If "None" is checked, the rest of Section 6.1 need not be completed or reproduced.

[ ] **Assumed items.** Current installment payments will be disbursed by the trustee. Arrearage payments will be disbursed by the trustee.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee | Payment beginning date (MM/YYYY) |
|---|---|---|---|---|---|
|  |  | $ | $ | $ |  |

Insert additional claims as needed.

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate shall not re-vest in the debtor(s) until the debtor(s) have completed all payments under the confirmed plan.

## Part 8: General Principles Applicable to All Chapter 13 Plans

**8.1** This is the voluntary chapter 13 reorganization plan of the debtor(s). The debtor(s) understand and agree(s) that the chapter 13 plan may be extended as necessary by the trustee (up to any period permitted by applicable law) to insure that the goals of the plan have been achieved. Notwithstanding any statement by the trustee's office concerning amounts needed to fund a plan, the adequacy of plan funding in order to meet the plan goals remains the sole responsibility of debtor(s) and debtor(s)' attorney. It shall be the responsibility of the debtor(s) and debtor(s)' attorney to monitor the plan to ensure that the plan remains adequately funded during its entire term.

**8.2** Prior to the meeting of creditors, the debtor(s) shall comply with the tax return filing requirements of 11 U.S.C § 1308 and provide the trustee with documentation of such compliance by the time of the meeting. Debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the information needed for the trustee to comply with the requirements of 11 U.S.C. § 1302 as to the notification to be given to Domestic Support Obligation creditors, and debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the calculations relied upon to determine the debtor(s)' current monthly income and disposable income.

**8.3** The debtor(s) shall have a duty to inform the trustee of any assets acquired while the chapter 13 case is pending, such as insurance proceeds, recovery on any lawsuit or claims for personal injury or property damage, lottery winnings, or inheritances. The debtor(s) must obtain prior court approval before entering into any postpetition financing or borrowing of any kind, and before selling any assets.

8.4 Unless otherwise stated in this plan or permitted by a court order, all claims or debts provided for by the plan to receive a distribution shall be paid by and through the trustee.

8.5 Percentage fees to the trustee are paid on receipts of plan payments at the rate fixed by the United States Trustee. The trustee has the discretion to adjust, interpret, and implement the distribution schedule to carry out the plan, provided that, to the extent the trustee seeks a material modification of this plan or its contemplated distribution schedule, the trustee must seek and obtain prior authorization of the court. The trustee shall follow this standard plan form sequence unless otherwise ordered by the court:

| | |
|---|---|
| Level One: | Unpaid filing fees. |
| Level Two: | Secured claims and lease payments entitled to 11 U.S.C. § 1326(a)(1)(C) pre-confirmation adequate protection payments. |
| Level Three: | Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and postpetition utility claims. |
| Level Four: | Priority Domestic Support Obligations. |
| Level Five: | Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears. |
| Level Six: | All remaining secured, priority and specially classified claims, and miscellaneous secured arrears. |
| Level Seven: | Allowed nonpriority unsecured claims. |
| Level Eight: | Untimely filed nonpriority unsecured claims for which an objection has not been filed. |

8.6 As a condition to the debtor(s)' eligibility to receive a discharge upon successful completion of the plan, debtor(s)' attorney or debtor(s) (if pro se) shall file Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) with the court within forty-five (45) days after making the final plan payment.

8.7 The provisions for payment to secured, priority, and specially classified unsecured creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the trustee will not be required. In the absence of a contrary timely filed proof of claim, the amounts stated in the plan for each claim are controlling. The clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. Unless otherwise ordered by the court, if a secured, priority, or specially classified creditor timely files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' attorney have been given notice and an opportunity to object. The trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

8.8 Any creditor whose secured claim is not modified by this plan and subsequent order of court shall retain its lien.

8.9 Any creditor whose secured claim is modified or whose lien is reduced by the plan shall retain its lien until the underlying debt is discharged under 11 U.S.C. § 1328 or until it has been paid the full amount to which it is entitled under applicable nonbankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and entry of a discharge order, the modified lien will terminate and be released. The creditor shall promptly cause all mortgages, liens, and security interests encumbering the collateral to be satisfied, discharged, and released.

8.10 The provisions of Sections 8.8 and 8.9 will also apply to allowed secured, priority, and specially classified unsecured claims filed after the bar date. *LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' ATTORNEY OR DEBTOR(S) (IF PRO SE) WILL NOT BE PAID.* The responsibility for reviewing the claims and objecting where appropriate is placed upon the debtor(s).

### Part 9: Nonstandard Plan Provisions

**9.1 Check "None" or List Nonstandard Plan Provisions.**

[X] **None.** If "None" is checked, the rest of part 9 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if the applicable box in Part 1 is checked. Any provision set forth herein is subject to court approval after notice and a hearing upon the filing of an appropriate motion.*

Case 19-70130-JAD    Doc 19    Filed 03/30/19    Entered 03/31/19 00:52:07    Desc Imaged
Certificate of Notice    Page 8 of 10
Debtor(s)                                                                                          Case number

## Part 10: Signatures

**10.1 Signatures of Debtor(s) and Debtor(s)' Attorney.**

If the debtor(s) do not have an attorney, the debtor(s) must sign below; otherwise the debtor(s)' signatures are optional. The attorney for the debtor(s), if any, must sign below.

By signing this plan the undersigned, as debtor(s)' attorney or the debtor(s) (if pro se), certify(ies) that I/we have reviewed any prior confirmed plan(s), order(s) confirming prior plan(s), proofs of claim filed with the court by creditors, and any orders of court affecting the amount(s) or treatment of any creditor claims, and except as modified herein, this proposed plan conforms to and is consistent with all such prior plans, orders, and claims. False certifications shall subject the signatories to sanctions under Bankruptcy Rule 9011.

*By filing this document, debtor(s)' attorney or debtor(s) (if pro se), also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in the standard chapter 13 plan form adopted for use by the United States Bankruptcy Court for the Western District of Pennsylvania, other than any nonstandard provisions included in Part 9. It is further acknowledged that any deviation from the standard plan form shall not become operative unless it is specifically identified as a "nonstandard" term and is approved by the court in a separate order.*

X  /s/Kevin S. Foor                                    X
Signature of Debtor 1                                  Signature of Debtor 2

Executed on  3/22/2019                                 Executed on
            MM/DD/YYYY                                            MM/DD/YYYY

X  /s/James R. Huff, II                                Date  3/22/2019
Signature of debtor(s)' attorney                             MM/DD/YYYY

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                          Case No. 19-70130-JAD
Kevin S. Foor                                                   Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-7          User: aala            Page 1 of 2           Date Rcvd: Mar 28, 2019
                              Form ID: pdf900       Total Noticed: 58

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 30, 2019.
```
db             +Kevin S. Foor,    907 Frame Church Road,     Everett, PA 15537-7970
15007924       +A&K Distributors,    Box 250055,    Aguadilla, PR 00604-0055
15007925       +Altoona Mirror,    301 Cayuga Avenue,    Altoona, Pennsylvania 16602-4323
15007927       +Appleby & Markle,    250 West Main Street,    Everett, Pennsylvania 15537-1137
15007928       +Argus Capital Funding,    104 East 25th Street,    10th Floor,   New York, NY 10010-8201
15007929       +Ariel Bouskila, Esquire,    5 Hanover Square,    Ste. 2102,   New York, New York 10004-2635
15007930       +Auburn Groceries,    2360 Bellingham Drive,    Troy, MI 48083-2038
15007931       +Bellco Groceries,    5500 New Horizons Blvd.,    North Amityville, NY 11701-1156
15007932       +Bonita Pharmaceuticals,    6380 Commerce Drive,    Westland, MI 48185-9120
15007933       +Broad Top Bulletin,    P.O. Box 671,    Bedford, Pennsylvania 15522-0671
15007934       +Broad Top Medical Center,    P.O. Box 127,    Broad Top, Pennsylvania 16621-0127
15007935       +Brynmawr Funding/Pioneer Rx,    620 W. Germantown Road,    Suite 310,
                 Plymouth Meeting, Pennsylvania 19462-2227
15007940       +CVS Health,    One CVS Drive,    Woonsocket, Rhode Island 02895-6146
15007941       +CWI Gifts,    4600 S. Hamilton Road,    Groveport, OH 43125-9636
15007936       +Change Healthcare,    P.O. Box 572490,    Murray, Utah 84157-2490
15007937       +Cohen's Inventory Returns,    4320 Saline Street,    Pittsburgh, Pennsylvania 15217-2912
15007938       +Comcast,   P.O. Box 70219,    Philadelphia, Pennsylvania 19176-0219
15007939       +Craig's Cleaning & Repair,    3323 Sandy Run Road,    Hopewell, Pennsylvania 16650-8757
15007942       +Daily News,    P.O. Box 384,    Huntingdon, Pennsylvania 16652-0384
15007943       +Dale Oxygen,    146 Horner Street,    Johnstown, Pennsylvania 15902-1996
15007944       +Ehrlich,   160 Jari Drive,    Suite 140,    Johnstown, Pennsylvania 15904-6947
15007946       +FFE Enterprises,    44000 Winchester Road,    Temecula, California 92590-2578
15010752       +First Commonwealth Bank,    c/o McGrath McCall, P.C.,    Four Gateway Center, Suite 1040,
                 444 Liberty Avenue,    Pittsburgh, PA 15222-1225
15007948       +First National Bank,    3015 Glimcher Blvd.,    Hermitage, Pennsylvania 16148-3343
15007949       +Flagstar Bank,    P.O. Box 660263,    Dallas, Texas 75266-0263
15007950       +H&H Wholesale,    Lockbox #775371,    350 E. Devon Avenue,    Itasca, Illinois 60143-1249
15007952       +KBM Collections,    20 E. Division Street,    2nd Floor,   Dover, Delaware 19901-7366
15007951       +Kalamata Capital Group,    80 Broad Street,    12th Floor,   New York, New York 10004-2584
15007953       +LG Funding, LLC,    1218 Union Street,    Brooklyn, New York 11225-1512
15007954       +Live Oak Bank,    1741 Tiburon Drive,    Wilmington, North Carolina 28403-6244
15007956       +Master's Pharmaceutical,    P.O. Box 840713,    Dallas, Texas 75284-0713
15007958       +Park Avenue Recovery,    104 E. 25th Street,    10th Floor,   New York, New York 10010-8201
15007959       +Park's Garbage,    P.O. Box 218,    Mount Union, Pennsylvania 17066-0218
15007960       +Penelec,   P.O. Box 3687,    Akron, Ohio 44309-3687
15007961       +Peterson Accounting,    1798 Plank Road,    Suite 301,   Duncansville, Pennsylvania 16635-8389
15007962       +Pinnacle Computer Technologies, Inc.,    102 East Pitt Street,
                 Bedford, Pennsylvania 15522-1317
15007963       +Pioneer RX,    P.O. Box 53407,    Shreveport, Louisiana 71135-3407
15007964       +Praxis Med,    13600 Shoreline Drive,    Suite 200,   Earth City, MO 63045-1203
15007965       +R.J. Hedges & Associates,    P.O. Box H,    New Florence, Pennsylvania 15944-0427
15007966       +Raz Imports,    1020 Eden Road,    Arlington, Texas 76001-7885
15007967       +River City,    P.O. Box 840713,    Dallas, Texas 75284-0713
15007968       +Roaring Spring Water,    P.O. Box 97,    Roaring Spring, PA 16673-0097
15007969       +Saxton Borough,    707 9th Street,    Saxton, PA 16678-1109
15007970       +Stoudnour Petroleum,    Cardtrol Division,    P.O. Box 40,   Saxton, Pennsylvania 16678-0040
15007971       +Top RX,    2950 Brother Blvd.,    Bartlett, Tennessee 38133-3968
15007972       +Top RX, LLC,    P.O. Box 1844, Dept. T-5,    Memphis, Tennessee 38101-1844
15007973       +Tri-State Distribution,    P.O. Box 600,    Spartan, Tennessee 38583-0600
15007974       ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
                 (address filed with court: U.S. Bank,     P.O. Box 790408,   St. Louis, Missouri 63179)
15007975       +Unifirst,   335 Industrial Park Blvd.,    Ebensburg, PA 15931-4117
15007976       +Value Drug Company,    195 Theater Drive,    Duncansville, Pennsylvania 16635-7144
15007977       +Wex Bank,    P.O. Box 6293,    Carol Stream, IL 60197-6293
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 29 2019 02:44:04
                 PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
15007926       +E-mail/Text: bankruptcies@andanet.com Mar 29 2019 02:37:05      Anda,   3000 Alt Blvd.,
                 Grand Island, New York 14072-1246
15007945       +E-mail/Text: bankruptcy@erieinsurance.com Mar 29 2019 02:38:24      Erie Insurance,
                 100 Erie Insurance Place,    Erie, Pennsylvania 16530-9000
15007947        E-mail/Text: bankruptcynotice@fcbanking.com Mar 29 2019 02:36:53      First Commonwealth Bank,
                 P.O. Box 400,    Indiana, Pennsylvania 15701
15007955       +E-mail/Text: bankruptcy@marineone.com Mar 29 2019 02:36:46      Marine One,    5000 Quorum Drive,
                 Suite 200,    Dallas, Texas 75254-7405
15007957       +E-mail/Text: bankruptcy@ondeck.com Mar 29 2019 02:38:24      On Deck,   901 N. Stuart Street,
                 Suite 700,    Arlington, Virginia 22203-4129
15008126       +E-mail/PDF: gecsedi@recoverycorp.com Mar 29 2019 02:43:13      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                              TOTAL: 7
```

```
District/off: 0315-7          User: aala              Page 2 of 2              Date Rcvd: Mar 28, 2019
                              Form ID: pdf900         Total Noticed: 58

              ***** BYPASSED RECIPIENTS (continued) *****

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              FLAGSTAR BANK FSB as servicer for Matrix Financial
cr              Live Oak Bank
cr*            +First Commonwealth Bank,   c/o McGrath McCall, P.C.,    Four Gateway Center, Suite 1040,
                 444 Liberty Avenue,    Pittsburgh, PA 15222-1225
                                                                                TOTALS: 2, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 30, 2019                                   Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 22, 2019 at the address(es) listed below:
              James   Warmbrodt    on behalf of Creditor    FLAGSTAR BANK FSB as servicer for Matrix Financial
               bkgroup@kmllawgroup.com
              James R. Huff, II    on behalf of Debtor Kevin S. Foor jhuff@sfshlaw.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Preston D. Jaquish    on behalf of Creditor    First Commonwealth Bank pjaquish@lenderlaw.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                           TOTAL: 5
```